## David T. Ross v. John L. O'Nail.

Parol evidence is inadmissible to prove the intention of the parties at the time of entering into a written contract. But it may be received to prove a subsequent agreement, to grant an authority not conceded in the original contract.

Appeal from the District Court of Iberville, *Nicholls*, J.

Martin, J. The plaintiff, lessor of the defendant, claims damages for waste committed on the premises leased, by cutting down and hauling wood to be sold to steam boats. One hundred and eighty cords of wood were sequestered. The defendant justified under a verbal permission from the plaintiff, his lessor, on whom he reconvened for damages sustained by the seizure and sequestration of the wood, a part of which was ready for sale. There was a verdict and judgment for the defendant, for the wood which had been cut, and for one hundred dollars damages, and the plaintiff appealed.

Our attention is first drawn to a bill of exceptions to the opinion of the court, overruling the plaintiff's objections to the introduction of parol evidence to contradict the written lease, on the ground that leave to cut wood must be shown by the lease, and that no subsequent parol agreement could be proved. The court was of opinion that the parol evidence did not contradict the lease, in which there was nothing restraining the lessee in the use of the premises; and that the intended use of the property, not being stated in the lease, the lessee had a right to introduce oral evidence of the use which was intended by the parties, or of a subsequent permission given by the lessor.

It appears to us the court erred. Parol evidence might indeed be well received of the subsequent agreement, under which the lessee claims authority to cut wood; but it ought not to have been admitted to show that such an authority resulted from the intention of the parties at the time they entered into the contract, of which the written lease is the evidence.

The record shows that under this opinion of the District Court, parol evidence was introduced of conversations and declarations of the parties, by which the lessee sought to establish, that according to the intention of the parties at the time of the execution of

the lease, and under the subsequent permission of the lessor, the lessee was authorized to cut wood from the premises. As the case was tried by a jury, and it is impossible to determine to what part of the evidence they gave credit, the case must be remanded.

It is therefore ordered, that the judgment be reversed, the verdict set aside, and the case remanded for further proceedings according to law; with directions to the judge not to admit parol evidence of any authority in the lessee to cut wood, resulting from the intention of the parties at the execution of the lease. The appellee paying the costs of appeal.

*Edwards*, for the appellant. No counsel appeared for the appellee.